UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CECIL JEAN WHEELER, ET AL. | CIVIL ACTION |
| VERSUS | NO: 17-2144 |
| WAL-MART LOUISIANA, LLC | SECTION: "J"(2) |

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 38)** filed by Defendant WAL-MART STORES, INC. ("Wal-Mart"). Plaintiffs, the surviving spouse and children individually and on behalf of Sandy Wheeler ("Plaintiffs"), oppose the motion (Rec. Doc. 39). Wal-Mart filed a reply (Rec. Doc. 42). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the *Motion for Summary Judgment* should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This litigation derives from an alleged slip and fall incident that occurred at the New Orleans Wal-Mart Supercenter Store #912 located at Bullard Avenue in Orleans Parish. The parties allege that the decedent, Sandy Wheeler ("Mr. Wheeler"), was a patron at the store on May 5, 2016. While he was standing near the deli section, Plaintiffs allege that Mr. Wheeler "fell backwards due to an unknown hazard on the premises, hitting his head." (Rec. Doc. 9-1, at 2). Mr. Wheeler was transported by ambulance to New Orleans East Hospital, where he was treated and diagnosed with a subdural hemorrhage. That same day, he was transferred to West Jefferson Medical

Center for treatment by neurological specialists. Mr. Wheeler's condition deteriorated, and he died on May 9, 2016.

On January 6, 2017, Plaintiffs filed this lawsuit against Wal-Mart in the Civil District Court for the Parish of Orleans. Wal-Mart timely removed the case to federal court on the basis of diversity jurisdiction. Plaintiffs seek wrongful death and survival action damages allegedly sustained as a result of the incident that occurred at Wal-Mart on May 5, 2016.

## **PARTIES' ARGUMENTS**

The movant argues that it is entitled to judgment as a matter of law for two reasons. (Rec. Doc. 38, at 1). First, Wal-Mart argues that Plaintiffs cannot satisfy their burden at trial of proving that Wal-Mart's conduct was the cause in fact of Mr. Wheeler's injury because he simply fainted and fell to the floor. (Rec. Doc. 38-1, at 4). Wal-Mart alleges that no reasonable jury could find that Wal-Mart caused Mr. Wheeler's accident given Plaintiffs' failure to produce any evidence to suggest the cause of Mr. Wheeler's fall. (Rec. Doc. 38-1, at 5). On the contrary, Wal-Mart asserts that the evidence overwhelmingly supports the conclusion that Mr. Wheeler injured himself because he passed out and not because of any fault on the part of Wal-Mart. (Rec. Doc. 38-1, at 6). Wal-Mart emphasizes that Malik Gillam, a former Wal-Mart employee and the sole eyewitness to the accident, testified in his deposition that Mr. Wheeler was standing still and appeared to simply pass out. (Rec. Doc. 38-1, at 5). Wal-Mart also points to the deposition testimony of Tyler Gros, the EMS-Paramedic who arrived on the scene after Mr. Wheeler's injury and filled out the EMS record

indicating that Mr. Wheeler—who Tyler Gros described as clearheaded and lucid at the time of the interview—must have informed the paramedics that he had fainted based on the terminology included in the report. (Rec. Doc. 38-1, at 5).

Second, Wal-Mart argues that Plaintiffs cannot satisfy their burden at trial of proving either the existence of a condition that presented an unreasonable risk of harm or that Wal-Mart created or had notice of such a condition because Plaintiffs have produced no evidence to suggest that an unreasonably dangerous condition existed on the floor where Mr. Wheeler fell. (Rec. Doc. 38-1, at 6). In support of its argument, Wal-Mart points to eyewitness Malik Gillam's deposition testimony that he did not see anything on the floor in the area where Mr. Wheeler fell. (Rec. Doc. 38-1, at 6). Wal-Mart also notes that Quiana Taylor, the Wal-Mart manager who investigated Mr. Wheeler's incident, testified that there was no liquid or any other type of substance on the floor in the area where Mr. Wheeler fell.[1] (Rec. Doc. 38-1, at 7).

In opposition, Plaintiffs argue that summary judgment should not be granted in Wal-Mart's favor because the cause of Mr. Wheeler's fall is disputed. (Rec. Doc. 39, at 3). First, Plaintiffs allege that reasonable doubt exists as to the cause of Mr. Wheeler's fall because eyewitness Mark Gillam lacks credibility. (Rec. Doc. 39, at 3). Specifically, Plaintiffs note that on the day of the incident, Mr. Gillam reported that "[w]hile serving on the 'hot side' of the Deli, [he] observed a man suddenly hit the

---

[1] Wal-Mart acknowledges the existence of a "very small dent in the floor in the area where Mr. Wheeler fell," but notes that the dent was less than one-sixteenth of an inch deep and that Plaintiffs have produced no evidence to suggest that the dent constituted an unreasonably dangerous condition or that the dent caused Mr. Wheeler to fall. (Rec. Doc. 38-1, at 7).

floor." (Rec. Doc. 39, at 3). Plaintiffs assert that it was not until Mr. Gillam's deposition eighteen months after the incident that he stated he "observed Mr. Wheeler suddenly—he was standing there and suddenly he fell to the ground in a pass-out fashion." (Rec. Doc. 39, at 4). Plaintiffs also challenge Mr. Gillam's credibility on the ground that he testified in his deposition that he voluntarily left his position at Wal-Mart, but Quiana Taylor testified that Mr. Gillam was terminated because he invited another ex-associate to tamper with pizza. (Rec. Doc. 39, at 4).

Next, Plaintiffs argue that EMT Tyler Gros' testimony creates a genuine issue of material fact because he had no memory of the incident at the time of his deposition and relied solely on the paperwork from the date of the incident to conclude that Mr. Wheeler must have informed Mr. Gros that he had fainted. (Rec. Doc. 39, at 4). Plaintiffs assert that Mr. Gros' lack of memory regarding the incident that occurred eighteen months prior to his deposition requires the court to make a credibility determination.

Third, Plaintiffs aver that discrepancies in the testimony of Quiana Taylor, Tiphanie Williams, and Quintana Canselo create genuine issues of material fact. (Rec. Doc. 39, at 5). Specifically, Plaintiffs argue that Ms. Williams' deposition testimony contradicts that of Ms. Taylor in that Ms. Taylor testified that Ms. Williams took photos of the accident scene, but Ms. Williams testified that Wal-Mart employee, Jerome George, was responsible for taking the photos. (Rec. Doc. 39, at 5). Additionally, Plaintiffs note that Mrs. Canselo's testimony contradicts that of Ms. Williams because Mrs. Canselo testified that Ms. Williams retrieved the camera from

the asset protection office and Mr. George took the photos. (Rec. Doc. 39, at 5-6). Plaintiffs conclude that these alleged discrepancies result in reasonable doubt that creates a genuine issue of material fact precluding summary judgment. (Rec. Doc. 39, at 6).

Finally, Plaintiffs argue that summary judgment in Wal-Mart's favor is improper because there is evidence that tends to show that Mr. Wheeler's accident was caused by an unreasonably dangerous condition on Wal-Mart's floor. (Rec. Doc. 39, at 6). To support this contention, Plaintiffs point to Quiana Taylor's deposition testimony "that there was a little dent in the floor where the incident occurred, and that the [sic] she and the other managers decided to take photos of that divot to include in the incident report." (Rec. Doc. 39, at 6). Plaintiffs also note that Jerome George testified that Quiana Taylor instructed him to bring a ruler and take a picture of the area where the dent is located days after the incident occurred. (Rec. Doc. 39, at 6). Plaintiffs argue that despite Wal-Mart's assertion that the dent is less than one-sixteenth of an inch deep, "[a]s of yet, there has been no precise measurement of the dent nor any expert testimony to state that a deformity such as the one shown in the picture could not have caused Mr. Wheeler's fall." (Rec. Doc. 39, at 6-7). Based on the foregoing, Plaintiffs conclude that summary judgment should not be granted. (Rec. Doc. 39, at 7).

Wal-Mart raises five arguments in its reply. (Rec. Doc. 42). First, Wal-Mart asserts that Malik Gillam's testimony raises no credibility issues. (Rec. Doc. 42, at 1). Wal-Mart emphasizes that Mr. Gillam's deposition testimony regarding his

recollection of the incident does not contradict his witness statement simply because his witness statement taken on the day of the incident does not explicitly reference Mr. Wheeler passing out. (Rec. Doc. 42, at 2). Wal-Mart notes that Mr. Gillam's deposition testimony is corroborated by the EMS medical records from the day of the incident describing Mr. Wheeler's chief complaint as "syncope with fall," i.e., "a fainting episode or near-fainting episode." (Rec. Doc. 42, at 2). Finally, Wal-Mart asserts that whether Mr. Gillam left his job at Wal-Mart voluntarily or was terminated for an unrelated incident is immaterial to the issue of whether he personally observed Mr. Wheeler suddenly fall to the ground as if he had passed out on the day of the incident. (Rec. Doc. 42, at 2).

Second, Wal-Mart argues that there are no discrepancies in Tyler Gros' testimony that create a genuine issue of material fact. (Rec. Doc. 42, at 3). Wal-Mart contests Plaintiffs' assertion that Mr. Gros' credibility is called into question because he could not recall the incident in question at his deposition. (Rec. Doc. 42, at 3). Wal-Mart emphasizes that the EMS medical records[2] that Mr. Gros identified at his deposition speak for themselves and support the position that Mr. Wheeler fell to the ground because he passed out. (Rec. Doc. 42, at 3). Wal-Mart points specifically to Mr. Gros' testimony that the EMS medical records would include the phrase "syncope with fall" only if Mr. Wheeler had told Mr. Gros that he had fainted and fallen to the

---

[2] The EMS records indicate that Mr. Wheeler's chief complaint was "syncope with fall," which Mr. Gros explained at his deposition means "a fainting episode or near-fainting episode." (Rec. Doc. 42, at 3). Wal-Mart also points to the notation in the EMS record indicating that Mr. Wheeler had a Glasgow Coma Score of 15, which Mr. Gros explained means that Mr. Wheeler was "lucid, clearheaded, and able to answer Mr. Gros' questions" at the time of the patient evaluation. (Rec. Doc. 42, at 3).

ground. (Rec. Doc. 42, at 4). Accordingly, Wal-Mart argues that Mr. Gros' independent recollection of the details of the subject incident are irrelevant.[3] (Rec. Doc. 42, at 4).

Third, Wal-Mart asserts that the discrepancies in the testimony of Quiana Taylor, Tiphanie Williams, and Quintana Canselo do not create genuine issues of material fact. (Rec. Doc. 42, at 4). Specifically, Wal-Mart argues that questions concerning who took the photographs preserved in connection with the incident and who retrieved the camera to take those photographs has no bearing on what caused Mr. Wheeler to fall to the ground or whether the one-sixteenth of an inch dent in the floor presented an unreasonable risk of harm. (Rec. Doc. 42, at 5).

Wal-Mart next argues that the deposition testimony of Jerome George corroborates the testimony of Quiana Taylor, Malik Gillam, and Tyler Gros. (Rec. Doc. 42, at 5). Wal-Mart avers that Mr. George's testimony that Malik Gillam was standing behind the hot food side of the deli counter and had a clear, unobstructed view of Mr. Wheeler's fall corroborates Mr. Gillam's testimony that he witnessed Mr. Wheeler suddenly fall. (Rec. Doc. 42, at 5-6). Additionally, Wal-Mart asserts that Mr. George's testimony that Mr. Wheeler regained consciousness "with no problem" after Mr. George pressed a damp towel around Mr. Wheeler's face and that Mr. Wheeler was conscious and making sense corroborates Mr. Gros' testimony regarding Mr. Wheeler's condition upon EMS's arrival at the scene. (Rec. Doc. 42, at 5). Wal-Mart argues that Mr. George's testimony that "there were no substances or anything else

---

[3] Wal-Mart also notes that Plaintiffs have not shifted their burden of proof on the issue of causation to Wal-Mart because Plaintiffs have not presented any positive evidence to suggest that Mr. Wheeler did not fall to the ground because he fainted. (Rec. Doc. 42, at 4).

on the floor in the area where Mr. Wheeler fell" supports Quiana Taylor's testimony to that effect. (Rec. Doc. 42, at 6). Wal-Mart also avers that Mr. George's testimony that Mr. Wheeler asked him why he was lying on the floor upon regaining consciousness supports Wal-Mart's position that Mr. Wheeler passed out and did not slip on something and fall. (Rec. Doc. 42, at 6).

Finally, Wal-Mart contends that summary judgment is appropriate because Plaintiffs have presented no evidence to support the existence of an unreasonably dangerous condition on the premises. (Rec. Doc. 42, at 6). Wal-Mart argues that there is no evidence that the small dent in the floor presented an unreasonable risk of harm that caused Mr. Wheeler to fall. (Rec. Doc. 42, at 7). Wal-Mart points to the deposition testimony of Jerome George—the Wal-Mart employee who took photographs and measurements of the dent—that the dent was so shallow that "[i]t barely touches the first mark of the ruler." (Rec. Doc. 42, at 7). Wal-Mart argues that Louisiana jurisprudence has consistently held that minor deviations or depressions in the ground on a premises measuring less than two inches do not constitute an unreasonably dangerous condition. (Rec. Doc. 42, at 7). Wal-Mart concludes that summary judgment is proper because Plaintiffs have not and cannot produce any evidence to the contrary. (Rec. Doc. 42, at 8). Wal-Mart notes that although Plaintiffs argue that expert testimony is required to find that the dent at issue could not have caused Mr. Wheeler's fall, Plaintiffs failed to identify any experts in their expert disclosures that were due on October 3, 2018 and have not met their burden of proving

that the dent constituted an unreasonably dangerous condition that caused Mr. Wheeler's fall. (Rec. Doc. 42, at 8).

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not

persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See*, *e.g.*, *id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Under Louisiana law, a merchant's liability in a slip and fall matter is governed by Louisiana Revised Statute 9:2800.6. The statute imposes upon a merchant a duty "to exercise reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition," which "includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." *Id.* When a merchant is sued for damages resulting from a fall due to a condition existing in or on the premises, a plaintiff seeking to recover must prove, in addition to all other elements of the cause of action, each of the following requirements:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6(B). Failure to prove any of these required elements is fatal to a plaintiff's claim. *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081 (La. 9/9/97); *Evans v. Winn-Dixie Montgomery*, LLC, 15-191, p. 7 (La. App. 5 Cir. 10/28/15), 177 So. 3d 386, 392 (citations omitted).

In assessing whether a condition presents an unreasonable risk of harm, the Louisiana Supreme Court has adopted a risk-utility test that balances several factors, specifically: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Martin v. Boyd Racing, L.L.C.*, 681 Fed.Appx. 409, 411 (5th Cir. 2017) (citing *Bufkin v. Felipe's La., LLC*, 14-288, p. 6 (La. 10/15/14); 171 So. 3d 851, 856). However, "[a] plaintiff must first show that he has fallen on a foreign substance or object on the floor in order to establish a prima facie case." *Radlein v. Holiday Inns, Inc.*, 07-322, p. 5 (La.App. 4 Cir. 11/14/07), 971 So.2d 1200, 1203, citing *Jones v. City of New Orleans*, 559 So.2d 28 (La.App. 4 Cir. 1990).

Here, Plaintiffs have produced no evidence to suggest that the small dent in Wal-Mart's floor caused Mr. Wheeler to fall. The EMS record of the incident suggests

that Mr. Wheeler told EMT Tyler Gros that he had passed out and the sole eyewitness to the incident testified that he saw Mr. Wheeler suddenly fall as though he had passed out. Plaintiffs have produced no evidence to contest this. Accordingly, the evidence in the record suggests that no condition existed to cause Mr. Wheeler to fall, and summary judgment in favor of Wal-Mart is appropriate because Plaintiffs failed to prove the cause of Mr. Wheeler's fall. *See Thibodeaux v. Brookshire Grocery Company D/B/A Super 1 Foods, et al.*, 2018-313 (La. App. 3 Cir. 11/7/18) (holding that plaintiff who "suddenly fell" failed to satisfy her burden of proving the cause of her fall because she indicated in the incident report that her leg simply gave out and she could not show that she slipped on a foreign substance instead).

Based on the foregoing, Plaintiffs have failed to carry their burden of proof and failed to present a genuine issue of material fact which would preclude summary judgment. The Court has not made any credibility evaluations in reaching this decision.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wal-Mart's *Motion for Summary Judgment* (Rec. Doc. 38) is **GRANTED**. Plaintiffs' claims are hereby **DISMISSED with prejudice.**

New Orleans, Louisiana, this 27th day of November, 2018.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE